UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BANK OF AMERICA N.A.,
    Plaintiff,

vs.                                            Case No.:  1:22cv00229/RH/ZCB

MAXINE EARLY JONES, et al.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Maxine Early Jones, proceeding *pro se*, filed a notice of removal in this Court on September 13, 2022. (Doc. 1). Presently before the Court is Plaintiff Bank of America's motion to remand this case to state court. (Doc. 8). For the reasons below, Plaintiff's motion should be granted.

### I.    Background

On May 16, 2022, Plaintiff filed a residential foreclosure action against Defendant in the Eighth Judicial Circuit Court in and for Alachua County, Florida. (Doc. 8 at 11). In the state court complaint, Plaintiff alleged Defendant defaulted on a mortgage and owes the principal sum of $71,331.45, plus accrued interest, fees, and costs. (*Id*. at 14). On September 13, 2022, Defendant filed a notice of removal in this Court. (Doc. 1). In the notice of removal, Defendant stated she was removing under 28 U.S.C. § 1443 (governing removal of civil rights cases) and 28 U.S.C. § 1331 (granting federal courts jurisdiction over civil actions that arise under federal

1

law). (*See* Doc. 1 at 2). Defendant's notice of removal also mentions the "Forged Document" and "Fair Credit" acts and alleges a "[c]onversion of tenant property" counterclaim in her removal petition. (*Id.* at 3).

Plaintiff has moved to remand, contending that Defendant's notice of removal was defective for two reasons. (Doc. 8 at 1). First, it was untimely. (*Id.*). Second, this Court lacks federal subject matter jurisdiction over the action. (*Id.*). As to timeliness, Plaintiff highlights that Defendant Maxine Jones was served with the complaint on July 15, 2022. (*Id*. at 2). She filed her notice of removal on September 13, 2022, which was sixty-one days after being served. (*Id.* at 2). Further, Plaintiff contends this Court lacks subject matter jurisdiction because the foreclosure action "neither arises under federal law, nor involves diversity of citizenship between the parties." (*Id.* at 5). Finally, Plaintiff requests attorneys' fees for responding to Defendant's improper removal under 28 U.S.C. §1447(c). (*Id.* at 1, 7).

## II.   Discussion

### A. Defendant's notice of removal was untimely.

Plaintiff is correct that Defendant's removal was untimely. Under 28 U.S.C. § 1446(b)(1), a notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The remedy for filing an untimely notice of removal is remand. *See Mizzi v. USAA*

*Casualty Ins. Co.*, No. 1:18cv45-mw/grj, 2018 WL 7342014, at *3 (N.D. Fla. June 14, 2018) (remanding because the defendant's notice of removal was untimely); *see also Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017) (stating that "remand was proper" where the defendant filed its notice of removal beyond the thirty-day deadline).

Here, Defendant Maxine Jones was served on July 15, 2022. (Doc. 8 at 2). Under § 1446(b)(1), she had thirty days from that date to file her notice of removal. Instead, she filed her notice of removal sixty-one days later, on September 12, 2022. (*Id.*). Because the notice of removal was untimely filed, this matter should be remanded to state court.

### B. The Court lacks federal subject matter jurisdiction over Plaintiff's action.

Even if the notice of removal had been timely filed, removal would have been improper because this Court lacks federal subject matter jurisdiction over the case. The burden of establishing subject matter jurisdiction falls on the removing party. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Federal subject matter jurisdiction exists for actions that arise under federal law (28 U.S.C. § 1331) or involve citizens of different states when the amount in controversy exceeds $75,000 (28 U.S.C. § 1332(a)(1)). Here, Defendant has cited § 1331 as the basis for federal subject matter jurisdiction. (Doc. 1 at 2).

To determine if federal question jurisdiction exists under § 1331, the Court's analysis is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; *see also Kemp v. IBM*, 109 F.3d 708, 712 (11th Cir. 1997) ("If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court."). In assessing whether there is federal question jurisdiction, a court may not look to any defenses or counterclaims raised by the defendant. *Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009).

Here, Plaintiff's complaint seeks foreclosure exclusively under Florida Statute § 673.3011. (Doc. 8 at 5). The complaint raises no federal claims, cites no federal statutes, and relies on no federal rules. Thus, under the well-pleaded complaint rule, this action does not present a federal question. Although Defendant's notice of removal cites federal statutes and appears to reference defenses based on federal law, that is insufficient to confer federal question jurisdiction because the complaint is

exclusively based on state law.[1]  The Court, therefore, does not have federal subject matter jurisdiction over this action.

### C. Defendant should not be required to pay attorneys' fees.

Plaintiff requests attorneys' fees for the costs associated with preparing its motion to remand. (Doc. 8 at 1,7).  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The district court has discretion regarding whether to award attorneys' fees under § 1447(c). *Bujanowski v. Kocontes*, 359 F. App'x 112, 114 (11th Cir. 2009).  Unless there are "unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  There is "no presumption in favor of the award of fees and costs upon the grant of remand for improvident

---

[1] Defendant's notice of removal also cites 28 U.S.C. § 1443, which authorizes removal of certain civil rights cases. (Doc. 1 at 2).  To remove a case under § 1443, two requirements must be met: (1) "the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality"; and (2) "the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Taylor v. Phillips*, 442 F. App'x 441, 442 (11th Cir. 2011) (cleaned up).  Defendant's notice of removal does not satisfy either of the two requirements for removal under § 1443.  Indeed, there is nothing in the notice of removal that is relevant to either of the requirements.

removal." *Devine v. Prison Health Servs., Inc.*, 212 F. App'x 890, 892 (11th Cir. 2006).

Under the circumstances of this case, the Court will not order Defendant to pay Plaintiff's attorneys' fees under § 1447(c). Defendant is untrained in the law and is proceeding *pro se*. There is nothing to show that Defendant removed this case in bad faith or for the purpose of delay. This order, however, will place Defendant on notice that any further unsuccessful attempts to remove this case to federal court will result in the imposition of sanctions. *See Johnson v. Bank of New Mellon Trust Co., NA*, No. 1:11cv00255, 2011 WL 7268639, at *2 (N.D. Fla. Dec. 28, 2011) (declining to award attorneys' fees but warning the *pro se* litigant that sanctions would be imposed for future attempts to remove).

### III.   Conclusion

Because Defendants' notice of removal was untimely and this Court lacks federal subject matter jurisdiction over the case, the undersigned **RECOMMENDS** that:

1. This case be **REMANDED to state court**; and
2. All pending motions be denied as moot.

At Pensacola, Florida, this 21st day of October 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**